UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-557 |
| ) | Judge Trauger |
| Metropolitan POLICE ) | |
| DEPARTMENT, et al, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, resides in Nashville, Tennessee. He brings this action, presumably under 42 U.S.C. § 1983, against the Metropolitan Police Department, the Metropolitan Government for Nashville and Davidson County ("Metropolitan Government"), and three unnamed police officers identified only as "John Does" pending further discovery. (Docket No. 1). The plaintiff alleges that his federal constitutional rights were violated when he was stopped, searched, and interrogated by three officers without probable cause. He further alleges that the officers targeted and harassed him due to his race, seized his property unlawfully, and assaulted him with a deadly weapon (a drug dog), all in violation of his federal constitutional rights. He also alleges a state law defamation claim against the officers. (*Id*.)

### I.     Facts Alleged By the Plaintiff

According to the plaintiff's Complaint, the relevant facts are as follows. On an unspecified date prior to May 24, 2010, three officers were dispatched to the scene of an incident occurring at the plaintiff's cousin's residence. The plaintiff's cousin was being threatened by a minor with an aluminum baseball bat, and the plaintiff took the bat from the minor so as to protect his cousin and others. When the officers arrived, they interrogated and harassed the plaintiff, confiscated the

aluminum bat from the plaintiff, searched the plaintiff for drugs, and assaulted the plaintiff with a drug dog. The plaintiff alleges that he was targeted by the officers due to his race.

In addition, the plaintiff alleges that on May 24, 2010, an unidentified officer came to his residence and asked if he had seen a twelve-year-old, presumably the minor involved in the above incident, and asked for the plaintiff's identification.

**II.     Section 1915(e)(2) Screening**

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

**III.    Standard of Review for Motion to Dismiss**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir.2002). The Federal Rules of Civil Procedure require that a plaintiff provide " 'a short and plain statement of the claim' that will

2

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

**IV.     Section 1983 Claims**

The court construes the *pro se* complaint to allege a number of claims under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

A.      **Claims against the Metropolitan Police Department and the Metropolitan Government of Nashville and Davidson County**

First, the instant plaintiff's Complaint alleges § 1983 claims against the Metropolitan Police Department in Nashville. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). In its motion to dismiss, the Metropolitan Police Department contends that it is not an entity capable of being sued under § 1983. (Docket No. 9).

Under Federal Rule of Civil Procedure 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See Crull v. City of New Braunfels,* 267 Fed. Appx. 338, 341 (5th Cir. 2008)(citing Rule 17 when deciding whether a police department can be sued under § 1983*); see also Petty v. County of Franklin*, 478 F.3d 341 (6th Cir. 2007)(holding that, under Ohio law, a sheriff's office is not a legal entity that can be sued under § 1983), and *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994)(holding that, under Kentucky law, a police department is not a person for purposes of § 1983). To date, the Sixth Circuit has not addressed whether, under Tennessee law, a police department is a "person" amenable to suit under § 1983.[1]

---

[1] In *Jones v. Union County*, 296 F.3d 417 (6th Cir. 2002), the Sixth Circuit noted that the lower court dismissed a § 1983 claim against the Union County, Tennessee Sheriff's Department "because under *Matthews v. Jones*, a county sheriff's department could not be sued." *Id.* at 421 (citation omitted). But, because the plaintiff did not appeal that decision, the issue was not before the appellate court. *Id.* at 423.

4

It appears that, since *Matthews*, federal district courts in Tennessee frequently and uniformly have held that police departments are not proper parties to § 1983 suit. *See, e.g., CP v. Alcoa Police Dep't,* No. 3:10-CV-197, 2010 WL 2698290, at *4 (E.D. Tenn. July 6, 2010)("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.,* No. 3:09-0485, 2009 WL 1505308, at *3 (May 27, 2009)(Trauger, J.)("[S]heriffs' offices and police departments are not bodies politic, and as such as not 'persons' within the meaning of § 1983 . . . ."); *Johnson v. Harris,* No. 1:08cv36, 2009 WL 277992, at *10 (E.D. Tenn. Feb. 5, 2009)("[A]gencies such as police departments are not proper defendants in Section 1983 lawsuits."); *Moore v. Chattanooga Police Dep't,* No. 1:08-cv-174, 2008 WL 3896114, at *3 (E.D. Tenn. Aug. 19, 2008)*(*"The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than a separate legal entity."); *Obert v. Pyramid,* 381 F. Supp.2d 723, 725 n.1 (W.D. Tenn. 2005)("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action . . . . [T]he City of Memphis is properly a Defendant . . . .").

The facts of this case do not dictate a contrary holding. The Metropolitan Charter expressly establishes the Metropolitan Government of Nashville and Davidson County as a corporate entity which is "capable of suing and being sued." (Charter § 1.01). But, the Metropolitan Charter contains no similar provision for the police department. Section 8.201 authorizes the creation of the police department by ordinance, and Section 8.202 provides that the police department shall be responsible for preserving the peace, preventing and detecting crime, apprehending criminals, protecting personal and property rights, and enforcing state and city laws "within the area of the Metropolitan government." The Chief of Police is an appointed position, and the Charter provides that the Chief of Police answers to the mayor ("He shall make regulations, with the approval of the

5

mayor . . . ."). (Metropolitan Charter §§ 8.202-03). These provisions indicate that the Metropolitan Police Department is merely a department of the Metropolitan Government of Nashville and Davidson County rather than a separate legal entity. Thus, the court finds that the plaintiff's attempt to bring a § 1983 claim against the Metropolitan Police Department as an entity distinct from the Metropolitan Government of Nashville and Davidson County fails as a matter of law.

Construing the plaintiff's *pro se* pleadings liberally, the court reads the plaintiff's complaint as an attempt to also state claims against the Metropolitan Government, the entity responsible for operating the Metropolitan Police Department in Nashville. However, for the Metropolitan Government to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the Metropolitan Government of Nashville and Davidson County. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell,* 436 U.S. at 689-90; *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996).

The plaintiff makes no such allegation, nor can such an allegation be inferred from the complaint. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). As a result, even if construed as claims against the Metropolitan Government, the plaintiff's claims against the Metropolitan Police Department fail to state claims upon which relief can be granted. Accordingly, those claims must be dismissed.

### B. Claims against three unidentified police officers

Next, the plaintiff's Complaint alleges § 1983 claims against three "John Doe" police officers. Indeed, the crux of the plaintiff's Complaint concerns the alleged conduct, on or before May 24, 2010, of these three officers whose identity was unknown to the plaintiff at the time he filed

6

his complaint.

Although designation of "John Doe" defendants is not favored in federal courts, it is permissible when the identity of the alleged defendants is not known at the time the complaint is filed but could be determined through discovery. *Berndt v. Tenn.*, 796 F.2d 879, 882-84 (6th Cir. 1986). Under *Berndt,* the court concludes that it would be inappropriate at this juncture to dismiss the plaintiff's Complaint merely because the plaintiff has identified three defendants to this action as "John Does."

Upon reviewing the plaintiff's allegations and construing those allegations liberally, the court finds that the plaintiff has stated at least one colorable claim against the three "John Doe" police officers under § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights.

Pursuant to the court's Order dated July 12, 2010, Metropolitan Government now has given notice of the names and employee numbers of the three officers who were on the scene of an incident involving the plaintiff and a baseball bat. (Docket No. 8)(identifying the officers as Timothy Brewer, Cory Haggard, and Bradley Bracey). If the plaintiff intends to pursue claims against these officers, he must amend his complaint and substitute the names of the three officers previously known only as "John Does."

## V.     State Law Defamation Claim

The plaintiff also has alleged a state law defamation claim against the three "John Doe" police officers. (*See* Compl. at p.4). Under Tennessee law, "[l]ibel is written defamation and slander is spoken defamation." *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994). The basis for an action for defamation, whether it be slander or libel, is that the defamation resulted in an injury to the person's character or reputation. *Id.*

Here, the plaintiff alleges that the officers' statements to the plaintiff at his cousin's

7

residence, made in the presence of others, were defamatory to the plaintiff, resulting in injury to his reputation. Although it is unclear whether the plaintiff ultimately will prevail on this claim, the court finds that the plaintiff has stated a viable claim sufficient to withstand the frivolity review.

**VI.     Conclusion**

For the reasons explained herein, the plaintiff's § 1983 claims against the Metropolitan Police Department and the Metropolitan Government of Nashville and Davidson County fail to state claims on which relief can be granted; thus, the motion to dismiss (Docket No. 9) will be granted, and those claims will be dismissed with prejudice. However, as to the plaintiff's claims against three "John Doe" police officers, the court finds that the plaintiff has stated at least one colorable claim for relief under § 1983. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge