IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:10-0557 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| METROPOLITAN POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This case involves a pro se Complaint filed pursuant to 42 U.S.C. § 1983 against the Metropolitan Police Department, the Metropolitan Government of Nashville and Davidson County, and three police officers designated as "John Does." Docket No. 1. Plaintiff also raised claims, presumably under state law, for harassment, defamation, illegal search and seizure, assault, and excessive force.

Approximately five weeks after the Complaint was filed, Judge Trauger entered an Order granting Plaintiff's application to proceed in forma pauperis. Docket Nos. 3, 2. That Order also stated in relevant part:

> It is ORDERED that Defendants Metropolitan Police Department and/or the Metropolitan Government of Nashville and Davidson County shall, within twenty (20) days of the entry of this Order, file a Notice that identifies by name and badge number the three "John Does" Metropolitan police officers involved in the May 24, 2010, incident described in the plaintiff's Complaint.

Docket No. 3, p. 1-2.

The Metropolitan Government complied with Judge Trauger's Order and submitted a "Notice" on July 28, 2010, with the names and badge numbers of the officers.[1] Docket No. 8.

On August 5, 2010, the Metro Nashville Police Department and the Metropolitan Government of Nashville and Davidson County filed a Motion to Dismiss Plaintiff's § 1983 claims against them. Docket No. 9. On August 24, 2010, Judge Trauger entered an Order granting that Motion and dismissing those claims against those two Defendants with prejudice. Docket No. 12. In her Memorandum accompanying that Order, Judge Trauger declined to dismiss Plaintiff's defamation claim. Docket No. 11, p. 7-8. Judge Trauger also noted in her Memorandum that Plaintiff had stated at least one colorable claim against the three "John Doe" Defendants under § 1983. *Id*., p. 7. Her Order also provided in relevant part:

> The plaintiff has fourteen (14) days from the day he receives this Order to amend his complaint to substitute the names of the three officers previously known only as "John Does." The plaintiff is forewarned that failure to amend his complaint within the proscribed time limit may result in the dismissal of his complaint.

The record reflects that Plaintiff did not comply with Judge Trauger's Order.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

---

[1] As best the Court can tell, Plaintiff did not specify in his Complaint a date upon which his rights were allegedly violated. He did, however, refer to a "seemingly related" incident that occurred on May 24, 2010. Docket No. 1, p. 7. The Notice submitted by the Metropolitan Government states in part: "A search of police records has revealed that there was no incident involving [Plaintiff] on May 24, 2010. The incident involving the baseball bat [referred to in the Complaint] appears to have occurred on May 28, 2010 . . . ." Docket No. 8, p. 1.

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge